**IN THE COURT OF APPEALS OF IOWA**

No. 4-049 / 13-0716
Filed March 12, 2014

**RICHARD HUTCHSON,**
        Plaintiff-Appellant,

**vs.**

**BURGESS HEALTH CENTER,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Monona County, Jeffrey A. Neary,

Judge.


        A plaintiff appeals from the order granting summary judgment on his

breach-of-contract claim in favor of the defendant.  **AFFIRMED.**



        Kristopher Covi of McGrath, North, Mullie & Kratz, P.C., L.L.O., Omaha,

Nebraska, for appellant.

        Heidi Guttau-Fox of Baird Holm, L.L.P., Omaha, Nebraska, for appellee.



        Considered by Tabor, P.J., McDonald, J., and Eisenhauer, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**EISENHAUER, S.J.**

A plaintiff, Richard Hutchson, appeals from the order granting summary judgment on his breach-of-contract claim in favor of the defendant, Burgess Health Center (BHC), and denying his motion for summary judgment. He contends the court erred in finding the undisputed facts show no legal basis for recovery. Because we conclude the district court correctly granted summary judgment, we affirm.

Hutchson, a licensed nurse anesthetist (CRNA), was employed by BHC in Onawa. His employment with BHC was governed by the provisions of an employment contract, which was in effect from April 20, 2010, until April 20, 2013. Following concerns regarding Hutchson's care of certain patients, a peer review committee concluded Hutchson should be observed by the only other CRNA employed by BHC "with the possibility of external observation." Hutchson was terminated on May 16, 2011, after refusing to be observed by the coworker. He filed this action, claiming BHC breached his employment contract by terminating his employment.

We review motions for summary judgment for corrections of errors at law. *Jones v. Univ. of Iowa*, 836 N.W.2d 127, 139 (Iowa 2013). Summary judgment should only be granted where the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.* In reviewing the district court's ruling, we examine the record in the light most favorable to the nonmoving party and draw all legitimate

inferences the evidence bears in order to establish the existence of fact questions. *Id.* at 140.

In granting summary judgment, the district court concluded BHC "legally and properly" terminated his employment when Hutchson refused to allow observation as directed by the peer review committee. The district court found this refusal violated the employment contract, which allows for immediate termination "in the event that CRNA fails to meet any of the qualifications stated in Section 3" of the contract. Section 3 required Hutchson to "abide by the medical staff bylaws," and those bylaws required Hutchson to cooperate with any required peer review in order to qualify for clinical privileges at the hospital.

On appeal, Hutchson argues the court erred in finding the undisputed facts establish he refused to be observed or that his conduct amounted to breach. Upon review, we agree with the district court's detailed and well-reasoned opinion. Accordingly, we affirm the order granting summary judgment pursuant to rule 21.26(1)(d) ("The record of the proceeding includes an opinion of the court or agency whose decision is being reviewed, the opinion identifies and considers all the issues presented, and the appellate court approves of the reasons and conclusions in the opinion.").

**AFFIRMED.**